**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RASHFORD EMANUAL GALLOWAY, : | | **Hon. Robert B. Kugler** |
| Petitioner, : | | Civil No. 07-5159 (RBK) |
| v. : | | |
| J. GRONDOLSKY, etc., et al., : | | **OPINION** |
| Respondents. : | | |

**APPEARANCES**:

    RASHFORD EMANUAL GALLOWAY, #17700-058
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**KUGLER**, District Judge

    Rashford Emanual Galloway, a prisoner confined at the Federal Correctional Institution at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence on the grounds that his removal from Bucks County Prison in Pennsylvania by the United States Marshal Service and transportation to the Western District of North Carolina for trial, pursuant to writ of habeas corpus prosequendum, violated the Extradition Clause of the United States Constitution and the Extradition Act, 18 U.S.C. § 3182. Having thoroughly reviewed the Petition and attachments, this

Court will summarily dismiss the Petition for lack of jurisdiction.

## I.   BACKGROUND

Petitioner challenges a 150-month term of imprisonment imposed by the United States District Court for the Western District of North Carolina on April 22, 2003, based on his plea of guilty to one count of conspiracy to possess with intent to distribute cocaine.  See United States v. Galloway, Crim. No. 02-0150 (RLV) judgment (W.D. N.C. April 22, 2003).[1]  The United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence on October 17, 2003, and the United States Supreme Court denied certiorari on December 8, 2003.  See United States v. Galloway, 78 Fed. Appx. 252 (4th Cir.), cert. denied, 540 U.S. 1081 (2003).

On February 20, 2004, Petitioner filed his first motion to vacate the sentence pursuant to 28 U.S.C. § 2255.[2]  See Galloway

---

[1] The criminal docket shows that on May 28, 2002, the United States District Court for the Western District of North Carolina issued a writ of habeas corpus ad prosequendum for Petitioner's presence on June 19, 2002.  See United States v. Galloway, Crim. No. 02-0150 (RLV) docket entry #11 (W.D. N.C. May 28, 2002).

[2] The § 2255 motion presented the following claims:

(1) The government violated the plea agreement by failing to move for a downward departure based upon cooperation;

(2) Withdrawal of plea of guilty based on violation of the plea agreement.

(continued...)

v. United States, Civil No. 04-0070 motion (W.D. N.C. filed Feb. 20, 2004).  The sentencing court denied relief on March 5, 2004, finding that Petitioner waived his right to raise the alleged breach of the plea agreement in a post-conviction proceeding, his prosecutorial misconduct claim was without merit, and there was no basis for withdrawal of the guilty plea.  Id.

Petitioner filed his second motion to vacate the sentence pursuant to § 2255 on January 10, 2005, asserting ineffective assistance of counsel and that the Court erred by denying his request to withdraw the plea.  See Galloway v. United States, Civil No. 05-0024 motion (W.D. N.C. filed Jan. 10, 2005).  The sentencing court dismissed the motion by order entered April 1, 2005, as an unauthorized second or successive § 2255 motion, see 28 U.S.C. § 2255 ¶ 8.  Id.  On May 11, 2005, the United States Court of Appeals for the Fourth Circuit denied Petitioner's application to file a successive § 2255 motion.  See In re: Galloway, No. 05-0243 order denying motion (4th Cir. May 11, 2005).

Petitioner filed the § 2241 Petition presently before this Court on October 26, 2007.  The § 2241 Petition is entitled "MOTION CHALLENGING VALIDITY OF SENTENCE AND CONVICTION ILLEGALLY OBTAINED IN VIOLATION OF THIS PETITIONER'S CONSTITUTIONAL

---

[2](...continued)
Galloway v. United States, Civil No. 04-0070 motion (W.D. N.C. filed Feb. 20, 2004).

GUARANTEES."  (Pet., p. 1.)  Petitioner challenges his federal sentence under 28 U.S.C. § 2241 on the following grounds:  150-month sentence "was illegally obtained, in violation of this petitioner's Fifth and Fourteenth Amendment Rights, along with violating this petitioner's rights under [the Extradition Clause] Article IV, § 2, cl. 2, of the United States Constitution [and] 18 U.S.C. § 3182." [3] (Id.)

## II.  DISCUSSION

A.  Jurisdiction

    Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in

---

[3] The Extradition Clause provides:  "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."  U.S. Const. art. IV, § 2, ¶ 2.

The Extradition Act, 18 U.S.C. § 3182, provides procedures to carry out the constitutional mandate.  See New Mexico ex rel. Ortiz v. Reed, 524 U.S. 151, 152 (1998); Cuyler v. Adams, 449 U.S. 433, 443 (1981).  Section 3182 provides:  "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District, or Territory to which such person has fled, and produces a copy of an indictment . . . charging the person demanded with having committed [a] crime . . . , the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear . . ."

>     custody in violation of the Constitution or
>     laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

>     A prisoner in custody under sentence of a
>     court established by Act of Congress claiming
>     the right to be released upon the ground that
>     the sentence was imposed in violation of the
>     Constitution or laws of the United States, or
>     that the court was without jurisdiction to
>     impose such sentence, or that the sentence
>     was in excess of the maximum authorized by
>     law, or is otherwise subject to collateral
>     attack, may move the court which imposed the
>     sentence to vacate, set aside or correct the
>     sentence.

28 U.S.C. § 2255, ¶ 1.

Section 2255 further prohibits a second or successive motion under § 2255 unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. §§ 2255, 2244(b).[4]

Most significantly, § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[5]  See 28 U.S.C. § 2255, ¶ 5.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see also Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per

---

[4] The claims asserted in the Petition before this Court cannot  be raised in a successive § 2255 motion because they do not satisfy the gatekeeping requirements under §§ 2244(b) and 2255.

[5] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id.

In In re Dorsainvil, 119 F.3d at 251, the United States Court of Appeals for the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided, made his conduct non-criminal, and applied retroactively.[6] The Third Circuit first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims. However, the court held that, in this narrow situation, § 2255 was inadequate and ineffective. The Court reasoned:

---

[6] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct. The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final. See " Bousley v. United States, 523 U.S. 614 (1998).

7

> Dorsainvil does not have and, because of the
> circumstances that he was convicted for a
> violation of § 924(c)(1) before the Bailey
> decision, never had an opportunity to
> challenge his conviction as inconsistent with
> the Supreme Court's interpretation of §
> 924(c)(1).  If, as the Supreme Court stated
> in [Davis v. United States, 417 U.S. 333
> (1974)], it is a "complete miscarriage of
> justice" to punish a defendant for an act
> that the law does not make criminal, thereby
> warranting resort to the collateral remedy
> afforded by § 2255, it must follow that it is
> the same "complete miscarriage of justice"
> when the AEDPA amendment to § 2255 makes that
> collateral remedy unavailable.  In that
> unusual circumstance, the remedy afforded by
> § 2255 is "inadequate or ineffective" to test
> the legality of [Dorsainvil's] detention.

Dorsainvil, 119 F.3d at 251 (quoting Davis v. United States, 417 U.S. 333, 346-47 (1974)).  However, the court emphasized the narrowness of its holding:

> We do not suggest that § 2255 would be
> "inadequate or ineffective" so as to enable a
> second petitioner to invoke § 2241 merely
> because that petitioner is unable to meet the
> stringent gatekeeping requirements of the
> amended § 2255.  Such a holding would
> effectively eviscerate Congress's intent in
> amending § 2255.  However, allowing someone
> in Dorsainvil's unusual position – that of a
> prisoner who had no earlier opportunity to
> challenge his conviction for a crime that an
> intervening change in substantive law may
> negate, even when the government concedes
> that such a change should be applied
> retroactively – is hardly likely to undermine
> the gatekeeping provisions of § 2255.

Dorsainvil, 119 F. 3d at 251.[7]

---

[7] Several courts of appeals have adopted similar tests.
(continued...)

In this case, Petitioner challenges his conviction on the ground that he was brought before the United States District Court for the Western District of North Carolina in violation of the Extradition Clause and the Extradition Act, 18 U.S.C. § 3182. It is clear that these claims are within the scope of claims that are cognizable under § 2255. Thus, this Court lacks jurisdiction to entertain them unless § 2255 is inadequate or ineffective.

---

[7](...continued)
See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) ("We therefore hold that the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of the circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) ("The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes that the prisoner was convicted of a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus relief only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion"); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997).

This Court holds that the remedy under § 2255 is not inadequate or ineffective to test the legality of Petitioner's detention under the arguments raised in the Petition because the sentencing court "could have entertained the prisoner's claim[s], inquired fully into the facts and granted the very relief the prisoner is seeking." Leguillou, 212 F.2d at 684. Accordingly, this Court lacks jurisdiction to entertain them and will dismiss the Petition.[8] Id.

### III.  CONCLUSION

The Court will summarily dismiss the Petition for lack of jurisdiction under 28 U.S.C. § 2241.

                                        S/Robert B. Kugler
                                        **ROBERT B. KUGLER, U.S.D.J.**

Dated:    November 6  , 2007

---

[8] This Court notes that Petitioner pled guilty and a guilty plea waives prior constitutional violations. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"). In addition, neither the Extradition Clause nor 18 U.S.C. § 3182 applies to a federal criminal prosecution, and district courts properly may obtain a criminal defendant's presence for trial by issuance of a writ of habeas corpus ad prosequendum. See 28 U.S.C. § 2241(c)(5); United States v. Mauro, 436 U.S. 340, 357-58 (1978); Carbo v. United States, 364 U.S. 611, 615-18 (1961).